UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 15-CV-690 (RMC) |
| DEPARTMENT OF STATE, | ) ) ) | |
| Defendant. | ) ) | |

**OPINION**

In recent years, there has been something of an uproar over State Department officials' use of private email addresses to conduct official State business. Judicial Watch, Inc., submitted a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, with the goal of ascertaining how broadly across the State Department private email was used. Because the request was not a request for records governed by FOIA but instead was a request for information outside of FOIA, the Court will enter summary judgment in favor of the State Department.

**I. FACTS**

On March 6, 2015, Judicial Watch submitted a FOIA request to State seeking:

> Any and all records that identify the number and names of all current and former officials, officers, or employees of the U.S. Department of State from January 20, 2009 to the present who used email addresses other than their assigned "state.gov" email addresses to conduct official State Department business.

1

Mot. for Summ. J. (MSJ) [Dkt. 10], Ex. A (Hackett Decl.) ¶ 4, Ex. 1 (FOIA Request 3/6/16).[1] The State Department read Plaintiff's request word for word to mean that Plaintiff sought "any and all records that identify the number and names *of all* current and former officials . . . who used email addresses other than their assigned "state.gov" email addresses to conduct official State Department business." *Id*. ¶ 10 (adding emphasis to the words of Plaintiff's FOIA request). Based on this reading, the State Department determined that the only Department records systems or offices likely to contain responsive records were: the Central Foreign Policy Records; the Office of the Executive Secretariat; the Office of the Inspector General; the Bureau of Diplomatic Security; the Bureau of Information Resources and Management; the Office of Information Programs; and the Office of the Legal Advisor. *Id*. § 6. These record systems and offices were searched, but no responsive records were found. *Id*. The State Department moves for summary judgment. *See* MSJ [Dkt. 10]; Reply [Dkt. 12]. Plaintiff opposes. *See* Opp'n [Dkt. 11].

## II. LEGAL STANDARDS

The State Department contends that it is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, a court must draw all justifiable inferences in the

---

[1] In support of its motion for summary judgment, the State Department submitted the Declaration of John Hackett, the Director of the Office of Information Programs and Services for the State Department. Hackett Decl. ¶ 1.

nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "[t]he mere existence of a scintilla of evidence" in support of its position. *Id.* at 252.

FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F. Supp. 477, 481 n.13 (D.D.C. 1980), *aff'd sub nom. Rushford v. Smith*, 656 F.2d 900 (D.C. Cir. 1981). In a FOIA case, a district court may award summary judgment solely on the basis of information provided by the agency in affidavits when the affidavits describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Affidavits submitted by the agency to demonstrate the adequacy of its response are presumed to be in good faith. *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981).

### III. ANALYSIS

#### A. FOIA Generally

FOIA requires federal agencies to release government records to the public upon request, subject to nine listed exceptions. *See* 5 U.S.C. § 552(b); *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007). To prevail in a FOIA case, the plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *United We Stand America, Inc. v. IRS*, 359 F.3d 595, 598 (D.C. Cir. 2004). Once the requested records have been produced, there is no longer a case or controversy and the FOIA action becomes moot. *See Armstrong v. Exec. Office of the President*, 97 F.3d 575, 582 (D.C. Cir. 1996).

The defendant in a FOIA case must show that its search for responsive records was adequate, that any exemptions claimed actually apply, and that any reasonably segregable non-exempt parts of records have been disclosed after redaction of exempt information.  *See Sanders v. Obama*, 729 F. Supp. 2d 148, 154 (D.D.C. 2010).  The adequacy of a search is measured by a standard of reasonableness and depends on the individual circumstances of each case.  *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).  The question is not whether other responsive records may exist, but whether the search itself was adequate.  *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994).

To rebut a challenge to the adequacy of a search, the agency need only show that "the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant."  *SafeCard Servs. Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991).  There is no requirement that an agency search every record system, but the agency must conduct a good faith, reasonable search of those systems of records likely to possess the requested records.  *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

An agency may prove the reasonableness of its search by a declaration by responsible agency officials, so long as the declaration is reasonably detailed and not controverted by contrary evidence or evidence of bad faith.  *Military Audit Project*, 656 F.2d at 738; *see SafeCard*, 926 F.2d at 1201 (affiant who is in charge of coordinating an agency's document search efforts is the appropriate person to provide a comprehensive affidavit in FOIA litigation).  An agency affidavit can demonstrate reasonableness by "setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched."  *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).  An agency's declarations are accorded "a presumption of good faith,

4

which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard*, 926 F.2d at 1200 (internal citation and quotation omitted). "Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." *Id*. at 1201. Once an agency has provided adequate affidavits, the burden shifts back to the plaintiff to demonstrate a lack of a good faith search. *Maynard v. CIA*, 986 F.2d 547, 560 (1st Cir. 1993). If a review of the record raises substantial doubt as to the reasonableness of the search, especially in light of "well-defined requests and positive indications of overlooked materials," then summary judgment may be inappropriate. *Founding Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979).

### B. Interpretation of Plaintiff's Request

Plaintiff's FOIA request was actually a question posed as a request for records. The request for "records that identify the number and names of all current and former" State Department officials "who used email addresses other than their assigned 'state.gov' email addresses to conduct official State Department business" is really a question that asks "who at the State Department used private email for conducting official business?" A question is not a request for records under FOIA and an agency has no duty to answer a question posed as a FOIA request. *See, e.g., Amnesty Int'l v. CIA*, No. 07-5435, 2008 WL 2519908, at *12-13 (S.D.N.Y. June 19, 2008) (agency had no duty to compile a list of persons it deemed subject to secret detention in response to request for records relating to such persons). "FOIA is a mechanism to obtain access to records, not answers to questions." *Id*. FOIA does not require agencies to create documents. *See Krohn v. Dep't of Justice*, 628 F.2d 195, 197-98 (D.C. Cir. 1980) (agency cannot be compelled to create records necessary to produce the information sought); *Moore v.*

*Bush*, 601 F. Supp. 2d 6, 15 (D.D.C. 2009) (FOIA does not impose a duty on agencies to create documents).  Accordingly, the State Department was not obligated to answer the Plaintiff's question by compiling a list of State department officials who used private email addresses to conduct Department business.

Further, an agency is obligated to release only those records that a FOIA request "reasonably describes."  5 U.S.C. § 552(a)(3)(A).  An agency is "not obliged to look beyond the four corners of the request for leads to the location of responsive documents."  *Kowalczyk v. Dep't of Justice,* 73 F.3d 386, 389 (D.C. Cir. 1996).  An agency's reasonable effort to satisfy a FOIA request "does not entail an obligation to search anew based upon a subsequent clarification."  *Id*. at 388.  "[I]t is the requester's responsibility to frame requests with sufficient particularity . . . ."  *Judicial Watch, Inc. v. Export-Import Bank*, 108 F. Supp. 2d 19, 27 (D.D.C. 2000) (internal quotation omitted).  In other words, an agency is required to read a FOIA request as drafted, "not as either the agency or [the requester] might wish it was drafted."  *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984).

The State Department read Plaintiff's FOIA request precisely as it was written to mean that Plaintiff sought "records that identify *the number and names of all* current and former officials" who used non-State Department email addresses to conduct official State Department business.  Hackett Decl. ¶ 10 (emphasis added).  Plaintiff complains that the State Department's interpretation of its request was unduly restrictive, and that it did not expect a search to reveal a single document listing the names of all State officials who used private email for official business.  Instead, Plaintiff insists that the State Department should have construed the FOIA request more broadly.  But it was Plaintiff's responsibility to frame its own FOIA request with

sufficient particularity, *see Judicial Watch*, 108 F. Supp. 2d at 27, and Plaintiff cannot now complain that it was looking for records that it did not describe.

Prior to summary judgment, the parties discussed the State Department's interpretation of the FOIA request. The State Department indicated that the only alternative construction of Plaintiff's request was that Plaintiff sought records identifying the number or names of "*any*" current and former officials who used private email to conduct official business. MSJ, Ex. B (Aug. 27, 2015 Email) (emphasis added). This interpretation read out the word "all" entirely out of Plaintiff's FOIA request. Since the State Department was not obligated to look beyond the four corners of the request, *see Kowalczyk*, 73 F.3d at 389, State was not required to interpret the request in this alternative manner. Also, if the State Department had construed the request as seeking the number or names of "any" officials who used private email, then the request may have been overly broad, and an agency is not required to undertake a search that is so broad as to be unduly burdensome. *Nation Magazine v. U.S. Customs Serv.,* 71 F.3d 885, 891 (D.C. Cir. 1995). A request for the number or names of "any" officials who used private email "would return any document referencing a non-state.gov address in all existing records at the State Department." MSJ, Ex. B (Aug. 27, 2015 Email). Plaintiff "acknowledged that its request was not targeting such a result, but was unable to articulate what [Plaintiff] does hope to obtain." *Id*.

Plaintiff now insists that what it really wants are "records identifying officials who routinely used private emails to shield communications from scrutiny and the Federal Records Act and FOIA." *See* Opp'n at 7. Plaintiff did not revise and resubmit its FOIA request

in this way.[2]  Even if it had, it would have been difficult, if not impossible, for the State Department to respond.  "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Assassination Archives & Research Ctr., Inc. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989), *aff'd in pertinent part*, No. 89-5414, 1990 WL 123924 (D.C. Cir. Aug. 13, 1990).  To determine which officials routinely used private email for the "purpose" of shielding information would necessarily require FOIA processors to investigate the intent of State Department officials.  FOIA officials cannot be compelled to undertake such investigation.

        Plaintiff points to two records obtained through Google searches that it contends would have been responsive to its FOIA request.  Opp'n at 6-7.  Both are reports from the State Department's Office of Inspector General (OIG).  The first is an August 2012 OIG inspection report concerning the U.S. Embassy in Nairobi, Kenya, which faulted the U.S. Ambassador for issuing a mission policy that authorized personnel to use commercial email for government business.  *See* https://oig.state.gov/system/files/196460.pdf, at 44 (last visited on Apr. 5, 2016).  The report recommended that personnel stop using commercial email and instead use State Department information systems for official business.  *Id*. at 55.  The second is an August 2015 OIG inspection report concerning the U.S. Embassy in Tokyo, Japan.  The report stated that OIG had received information indicating that some embassy staff may have been using private email for official business; when OIG investigated, the use of private email for official business was confirmed.  *See* https://oig.state.gov/system/files/isp-i-15-35a.pdf at 42 (last visited on Apr. 5, 2016).  The OIG report noted that "Department policy is that employees generally should not use private email accounts (for example, Gmail, AOL, Yahoo, and so forth) for official business."

---

[2] If Plaintiff desires to reformulate its FOIA request, it must exhaust administrative remedies before seeking judicial review.  *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003).

*Id*.  Plaintiff claims that its discovery of these OIG reports demonstrates that the State Department construed the FOIA request too narrowly and that its search was inadequate.

Plaintiff's speculation that responsive records may exist does not undermine the reasonableness of the search, as demonstrated by the Hackett Declaration.  An agency's search "need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." *Meeropol v Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986); *see also SafeCard*, 926 F.2d at 1201 (an agency need only show that "the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant").  Further, "[i]t is long settled that the failure of an agency to turn up one specific document in its search does not alone render a search inadequate . . . [because] particular documents may have been accidentally lost or destroyed, or a reasonable and thorough search may have missed them." *Duenas Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).  While Plaintiff alleges that a search in response to its request should have turned up the two OIG reports, it is not at all clear that this is the case.  Plaintiff did not specify what parameters it used when conducting the Google search that located the OIG reports.  In addition, the OIG reports are not responsive to the FOIA request as written since the reports do not "*identify the number and names of all* current and former officials, officers, or employees of the U.S. Department of State from January 20, 2009 to the present who used email addresses other than their assigned 'state.gov' email addresses to conduct official State Department business." *See* Hackett Decl. ¶ 4 (emphasis added).

Plaintiff also protests that the State Department used different search terms in searching different systems and offices.  For example, the Central File (containing Central Foreign Policy Records) was searched using the following terms—("personal email" or "private

9

email" or "external email") and ("email address" or "electronic email address") and ("official business") with a date parameter. *Id*. ¶ 13. The Office of Information Programs was searched using the terms "personal" and "emails" with date parameters. *Id*. ¶ 27. The different searches were conducted by different custodians who each applied terms designed to elicit responsive records in the system being searched. Plaintiff does not otherwise object to the search terms.

Without citing any supporting authority, Plaintiff also faults the Hackett Declaration for failing to indicate how many "hits" resulted from the search of records, *i.e.*, how many documents were located that contained the search terms but were not responsive to the FOIA request. FOIA requires that an agency search for and produce responsive records; an agency is not required to produce non-responsive records. *See, e.g., Ctr. for Biological Diversity v. OMB*, Civ. No. 07-04997, 2009 WL 1246690, at *5 (N.D. Cal. May 5, 2009).

## IV. CONCLUSION

For the reasons above, the Court will grant the motion for summary judgment, Dkt. 10, and judgment will be entered in favor of the State Department. A memorializing Order accompanies this Memorandum Opinion.


Date: April 6, 2016 /s/
ROSEMARY M. COLLYER
United States District Judge